**Application of SCOTT et al.**
**Patent Appeals No. 5551.**

United States Court of Customs
and Patent Appeals.

Feb. 1, 1949.

Semmes, Keegin, Beale & Semmes, of Washington, D. C. (Harry H. Semmes and Lee M. Robinson, both of Washington, D. C., and Curtis M. Clark, of New York City, of counsel), for appellant.

---

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Judges.

HATFIELD, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims in appellants' application for a patent for an alleged invention relating to a method of treating vegetables.

Claims 1 and 11 are typical of the appealed claims. They read:

"1. In the canning of vegetables the steps of washing vegetables, removing suspended impurities from the wash water, and introducing the purified water into cans with washed vegetables.

"11. In the canning of vegetables the steps of washing the vegetables to remove surface impurities under conditions capable of removing a portion of the vitamin and mineral constituents from the vegetables into the wash water, passing the wash water through a filtering medium in the presence of a non-absorbing filter aid to remove the impurities therefrom while retaining the vitamin and mineral content of the water, and then introducing the so filtered wash water into cans with the washed vegetables."

The references relied on are: "Canning and Preserving Of Food Products", by Duckwall, Pages 353 and 354, Vol. 1, 1905; Hanson 1,756,549 April 29, 1930.

Appellants' alleged invention relates to the recovery of food values which are normally lost in the washing of vegetables prior to canning and consists in purifying the water used in such washing, by filtration or otherwise, and then introducing it into the cans with the washed vegetables.

The references disclose the purification, by filtering or otherwise, of the brine or other liquor which is to be used in canning vegetables.

It is conceded by counsel for appellants that the presence of food values in water which has been used for "blanching" vege-

tables was known but that "* * * the industry has always used artificially prepared brines for canning vegetables, the brines being fortified with vitamins, flavor components and other additives to replace in some degree the food values lost in the blanching process."

It may be said that it does not appear from the references that anyone has previously attempted to recover the food values contained in the washing water.

■ It is stated in appellants' application that the washing water, after purification, has a pleasing flavor similar to that of the vegetables washed by it and that the use of such water in canning the vegetables gives them a stronger and better flavor than vegetables canned either with fresh water or ordinary canning brine. The process also results in the saving of food values which would otherwise be lost, and eliminates the problem of disposing of the washing water which, if merely discharged as waste, has a strong and unpleasant odor. In view of those advantages, we are of opinion that the use of purified washing water in the canning of the vegetables washed with it, or other vegetables of the same kind, represents a patentable improvement over the prior art relied on by the Patent Office tribunals and that, therefore, on the record presented, appealed claims 2, 3, 4, 5, 9, 10, 11, and 12 should be allowed.

■ Appealed claims 1, 6, 7, and 8 are drawn broadly to the use of purified vegetable wash water in the canning of vegetables. Those claims are broad enough to cover the use of water which has been used in washing vegetables of one kind, in the canning of vegetables of an entirely different kind. Such a procedure would not ordinarily result in an improvement in flavor. Claims 1, 6, 7, and 8, therefore, fail to define appellants' invention in such a way as to bring out one of its principal advantages. We are of opinion, therefore, that those claims do not sufficiently distinguish from the prior art to justify their allowance.

For the reasons stated, the decision of the Board of Appeals is modified, being affirmed as to claims 1, 6, 7, and 8, and reversed as to claims 2, 3, 4, 5, 9, 10, 11, and 12.